13-2676-cv
*Shefner v. Beraudiere*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of August, two thousand fourteen.

PRESENT:

JOSÉ A. CABRANES,
CHESTER J. STRAUB,*
         *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
THE ESTATE OF LORETTE JOLLES SHEFNER, by and
through its executors(s) MR. BARRY SHEFNER, THE ESTATE OF
LORETTE JOLLES SHEFNER, by and through its executor(s)
ARIELA BRAUN, THE ESTATE OF LORETTE JOLLES SHEFNER, by and
through its executor(s) MR. LEAON MILLER, BARRY SHEFNER,
THE ARIELA BRAUN 2002 FAMILY TRUST,

         *Plaintiffs-Appellees,*

         -v.-                                                   No. 13-2676-cv

JACQUES BERAUDIERE, GALERIE JACQUES DE LA
BEARAUDIERE, S.A.,

         *Movants-Appellants.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

* The Honorable Debra Ann Livingston is recused in this case, and therefore the case is decided by the remaining two members of the panel, who are in agreement. *See* Second Circuit Internal Operating Procedure E(b).

FOR PLAINTIFFS-APPELLEES:        Karl Geercken, Alston Bird LLP, New York, NY.

FOR DEFENDANT-APPELLEE:        David John Hoffman, Law Office of David John Hoffman, New York, NY.

Appeal from the June 14, 2013 judgment of the United States District Court for the Southern District of New York (Laura Taylor Swain, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED** and plaintiffs' motion for sanctions be **DENIED**.

Movants-appellants Jacques de la Beraudiere and the Galerie Jacques de la Beraudiere, S.A. ("Beraudiere" or "Movants") appeal from the June 14, 2013 order of the District Court denying their Rule 60(b)(4) motion to vacate a default judgment entered against defendant Galerie Cazeau-Berardiere, S.A. ("Galerie Cazeau"), and in favor of the Estate of Lorette Jolles Shefner (the "Estate"), the Ariela Braun 2002 Trust, and Barry Shefner (jointly, the "Shefner Parties"). We assume familiarity with the factual and procedural history of the case and repeat only those details necessary to the resolution of this appeal.

## BACKGROUND

### A. The Default Judgment Against Galerie Cazeau

The Estate brought this action against Maurice Tuchman, Esti Dunow, Galerie Cazeau, Lontrel Trading, and the National Gallery of Art ("NGA"), asserting federal question jurisdiction based on its claim against NGA under the Federal Tort Claims Act, 28 U.S.C. § 1346, and supplemental jurisdiction, 28 U.S.C. § 1367, over the remaining parties and claims.

In relevant part, the May 12, 2008 complaint (the "Complaint") alleges that defendants other than the NGA conspired to fraudulently obtain a below-market purchase price for a painting owned by the Estate (the "Painting"), and that the NGA failed to meet generally-accepted standards of due diligence in the art field, by which it should have discovered the alleged fraud. The Complaint sought compensatory damages, and a judgment rescinding the sale and ordering the NGA to return the Painting.

In June 2008, Galerie Cazeau entered liquidation proceedings. That same month, Jacques Beraudiere, a minority shareholder in Galerie Cazeau, formed Galerie Beraudiere, a Swiss corporation. Galerie Cazeau was served with the Complaint on August 19, 2008. On October 24, 2008, the District Court received a letter written on behalf of Galerie Cazeau stating that the gallery was in liquidation and would not be appearing in court. On November 14, 2008, Magistrate Judge

Douglas F. Eaton issued an order notifying Galerie Cazeau of its obligation to appear and recommending that it participate in settlement negotiations.

In May 2009, Tuchman, Dunow and the NGA entered into a Stipulation and Order of Settlement and Dismissal with the Shefner Parties (the "Settlement"), pursuant to which the NGA sold the Painting back to the Shefner Parties for $1.975 million. Although Barry Shefner and the Ariela Braun 2002 Trust were not named plaintiffs in the Complaint, they were added, pursuant to the terms of the Settlement, as "necessary and proper parties to both the Action and [the Settlement]." Galerie Cazeau declined to participate in the settlement proceedings.

In a September 25, 2009 Order, the District Court granted plaintiffs leave to move for a default judgment against Galerie Cazeau and Lontrel Trading (the "Defaulting Parties"). The Order mandated that plaintiffs' motion include sufficient evidence to satisfy their burden of proof had the action proceeded to trial. The Order was served on the Defaulting Parties on October 1, 2009. On October 15, 2009, the Shefner Parties moved for a default judgment seeking an award of $975,000 plus costs, representing the difference between the $1 million the Estate received for the sale of the Painting and the $1.975 million it paid the NGA, pursuant to the Settlement, to recover the Painting. No opposition motion was filed. On December 10, 2009, the District Court entered a default judgment in the amount of $975,000 against the Defaulting Parties.

**B. Movants' Rule 60(b) Motion Based on the State Court Action Against Beraudiere**

In November 2011, plaintiffs commenced an action in New York State Supreme Court against Beraudiere, alleging fraudulent conveyance and successor-in-interest liability under New York Creditor/Debtor law for the amount of the default judgment against Galerie Cazeau.[1] On November 14, 2011, the Supreme Court entered an order of attachment directed to a painting held by Galerie Beraudiere on the basis that "it appears that a cause of action for [a judgment in the amount of $976,665.51] exists in favor of Plaintiffs and against [Beraudiere]." App'x 841.

In December 2012, Beraudiere moved in the District Court, pursuant to Fed. R. Civ. P. 60(b)(4), to vacate the December 10, 2009 default judgment entered by the District Court against Galerie Cazeau, which was the basis for the state court action against Beraudiere. Beraudiere claimed that: (1) the District Court lacked subject matter jurisdiction over the state law claims against the Defaulting Parties once the federal claim against the NGA were dismissed; and (2) the Defaulting Parties were denied due process because the default judgment was entered in favor of parties and on claims that were not in the pleadings served upon the Defaulting Parties.

---

[1] Specifically, the complaint in state court alleged that at least four paintings had been transferred from Galerie Cazeau to Galerie Beraudiere "with the clear purpose of frustrating any attempts that would inevitably be made by plaintiffs to satisfy its judgment against the Galerie Cazeau." The complaint alleged that Galerie Beraudiere "maintains ownership and control over multiple pieces of art that were previously owned and controlled by the Galerie Cazeau," and is liable for the amount of the default judgment against Galerie Cazeau as "a successor-in-interest." App'x 825, 838.

3

The District Court denied Beraudiere's Rule 60(b) motion on the basis that it lacked standing because only "a party or its legal representative" can challenge the validity of a judgment, and Beraudiere was neither. This timely appeal followed.

## DISCUSSION

We review an order denying a motion to vacate a judgment pursuant to Rule 60(b) for "abuse of discretion." *Grace v. Bank Leumi Trust Co. of NY*, 443 F.3d 180, 187 (2d Cir. 2006). Although standing that implicates our jurisdiction under Article III must be established prior to reaching the merits, the same is not true of statutory standing. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 97 (1998) (Statutory standing "has nothing to do with whether there is case or controversy under Article III" and need not be resolved prior to addressing the merits). The standing issue here arises out of the statutory requirement that only "a party or its legal representative" may seek relief pursuant to Rule 60(b). Accordingly, we bypass standing, and conclude that Beraudiere's Rule 60(b) motion fails on the merits.

Relief from a judgment pursuant to Rule 60(b)(4) is not warranted "simply because [the judgment] is or may have been erroneous." *United Student Air Fund v. Espinosa*, 559 U.S. 260, 270 (2010). Rather, Rule 60(b) relief is appropriate only "in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives the party of notice or an opportunity to be heard." *Id.* Neither circumstance is present here.

Beraudiere argues first that the District Court abused its discretion in exercising supplemental jurisdiction over the state law claims against Galerie Cazeau. Reply Br. 24. A judgment is void under Rule 60(b) "only when the court plainly usurped jurisdiction . . . [i.e.,] when there is a total want of jurisdiction and no arguable basis on which [the district court] could have [found] jurisdiction." *Cent. Vt. Pub. Serv. Corp. v. Herbert*, 341 F.3d 186, 190 (2d Cir. 2003). When "a federal court dismisses all claims over which it had original jurisdiction, it must reassess its jurisdiction over the case by considering several related factors—judicial economy, convenience, fairness, and comity" and we review that decision for "abuse of discretion." *Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 56 (2d Cir. 2004). This is not a situation where the District Court had no basis on which to exercise supplemental jurisdiction. Accordingly, Rule 60(b) relief on this ground is not warranted.

Beraudiere's claim that entry of the default judgment violated Galerie Cazeau's due process rights in a manner warranting Rule 60(b) relief is also without merit. It is undisputed that Galerie Cazeau was served with: (1) the Complaint; (2) the November 14, 2008 Order notifying it of its obligation to appear and encouraging it to participate in settlement discussions; (3) the September 25, 2009 Order permitting the Shefner Parties to move for default judgment against it; (4) the Shefner Parties' motion for default; and (5) the default judgment entered by the District Court on December 10, 2009.

4

The only change in the Complaint that Movants cite was the addition of the Braun Trust and Barry Shefner as "necessary and proper" plaintiffs, pursuant to the terms of the Settlement. The addition of these parties did not affect Galerie Cazeau's obligations under the default judgment. And even if the addition of these parties violated Federal Rule of Civil Procedure 54(c), which provides that "[a] default judgment must not differ in kind from . . . what is demanded in the pleadings," the Supreme Court has made clear that deprivation of "a right granted by a procedural rule" does not require Rule 60(b) vacatur as long as the defendant "received *actual* notice of the filing and contents of [the pleadings]," thus satisfying the constitutional standard for due process. *Espinosa*, 559 U.S. at 272. The record shows that Galerie Cazeau had actual notice of the claims against it and of all relevant proceedings.

In sum, Rule 60(b) relief is not appropriate on due process grounds or any other basis. We do not, however, agree that Movants' claims were so frivolous as to warrant sanctions pursuant to Federal Rule of Appellate Procedure 38. Accordingly, plaintiffs' request for sanctions is denied.

## CONCLUSION

We have considered all of Movants' arguments and find them to be without merit. For the reasons set out above we **AFFIRM** the June 14, 2013 judgment of the District Court denying Movants' Rule 60(b) motion. Plaintiffs' motion for sanctions is **DENIED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court